SUMMARY ORDER

Plaintiff-Appellant Geneva Butts, pro se, appeals from the judgment of the United States District Court for the Southern District of New York (Karas, J.), granting summary judgment to Defendantr-Appellee on Appellant’s claims of retaliation, and race, gender, and age discrimination in employment. We assume the parties’ familiarity with the facts and procedural history.
We review orders granting summary judgment de novo and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir.2003). The district court first found that various of Appellant’s claims were barred by the statutes of limitations under Title VII of the Civil Rights Act and under the Age Discrimination in Employment Act (“ADEA”). In a state with a fair employment agency, a charge must be filed with *598 the Equal Employment Opportunity Commission within 300 days of the alleged discrimination or within 30 days of notice of termination of state proceedings, whichever comes first. See 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d); see also Nat’l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); Ford v. Bernard Fineson Dev. Ctr., 81 F.3d 304, 307 (2d Cir.1996). Upon review of the district court’s well-reasoned opinion, we find that Appellant’s claims challenging the appointments of Nissim Baruch and Kamal Bherwani were untimely under Title VII and the ADEA. To the extent that plaintiff brings discrimination claims pursuant to 42 U.S.C. § 1983 premised on a violation of the Equal Protection Clause or 42 U.S.C. § 1981, they must fail because, as the district court concluded, plaintiff presented no evidence to create a genuine issue of material fact regarding a municipal policy or practice of discrimination. See Patterson v. County of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir.2004) (“when the defendant sued for discrimination under § 1981 or § 1983 is a municipality^] • • • the plaintiff is required to show that the challenged acts were performed pursuant to a municipal policy or custom ....”) (internal citations omitted).[1] To the extent that Appellant sought to pursue claims under § 1985, the district court properly dismissed them for lack of any evidence of a conspiracy.
Appellant next alleges that she was subjected to age, gender, and/or racial discrimination when she was not promoted to various positions, was demoted in November 1998, and did not receive a discretionary pay increase in 1999. A plaintiff establishes a prima facie case of discrimination by showing that he or she (1) is a member of a protected age group, i.e., over the age of 40 years; (2) was qualified to perform the duties required by the position; (3) was subjected to an adverse employment action; and (4) the adverse employment action occurred in circumstances that gave rise to an inference of discrimination. See Terry v. Ashcroft, 336 F.3d 128, 138 (2d Cir.2003). A similar standard applies to a plaintiff attempting to establish a race or gender discrimination case. Id.
Here, the district court properly found that Appellant failed to establish a prima facie case with respect to all of her failure-to-promote claims (except with respect to the position filled by Paget Mack) because there was no evidence that Appellant formally applied for the positions in question. In addition, the district court correctly determined that Appellant could not pursue the Daniel Moliterano claim because she failed to include allegations with respect to that position in her amended complaints in this litigation or in her administrative complaint to the EEOC.
Once the plaintiff presents a prima facie case, the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its employment decision. See Texas Dep’t of Cmty. Affairs v. Burdine, 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Upon the defendant’s articulation of a legitimate, non-discriminatory reason, the presumption of discrimination arising from the plaintiffs prima facie showing “ ‘drops out of the picture,’ ” Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (quoting St. Mary’s Honor Ctr. v. Hicks, 509 U.S. 502, 511, 113 S.Ct. 2742, 125 *599 L.Ed.2d 407 (1993)); see Weinstock v. Columbia Univ., 224 F.3d 33, 42 (2d Cir.2000), and the burden of production shifts back to the plaintiff to adduce evidence sufficient for a reasonable jury to conclude that discrimination was a reason for the employment action, see Schnabel v. Abramson, 232 F.3d 83, 88 (2d Cir.2000). In deciding a motion for summary judgment, the court is to examine “the entire record to determine whether the plaintiff could satisfy [her] ‘ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff.’ ” Id. at 90 (quoting Reeves, 530 U.S. at 143, 120 S.Ct. 2097). Thus, summary judgment is appropriate when the plaintiff “has presented no evidence upon which a reasonable trier of fact could base the conclusion that [discrimination] was a determinative factor” in the defendant’s employment decision. Schnabel, 232 F.3d at 91.
In the present case, the district court correctly concluded that Appellant failed to proffer evidence sufficient to create a genuine issue to be tried as to whether discrimination was a substantial or motivating factor in the decision to promote Mack and the other employment decisions of which she complains. Appellee provided evidence that other employees were appointed, and Appellant was demoted, as part of reorganization efforts of the Department of Housing Preservation and Development in preparation for the year 2000. To the extent Appellant claimed that another similarly situated employee did not suffer a decrease in pay along with her demotion, Appellee showed that unlike Appellant, whose title and responsibilities changed pursuant to her demotion, the other employee’s title did not change. Similarly, the 1999 salary increase was discretionary, and Appellant was not given the increase based on her work performance. Appellant provided no credible evidence to show that any of the explanations advanced by Appellee were a pretext for discrimination.
Next, Appellant claims that she was subjected to retaliation because in 1991 she had filed a lawsuit alleging discrimination and in 1999 she had instituted Article 78 proceedings in New York state court. The burden of proof in retaliation claims follows the general disparate treatment analysis in McDonnell Douglas. See, e.g., La-Fond v. Gen. Physics Serv. Corp., 50 F.3d 165, 172-73 (2d Cir.1995). To demonstrate a prima facie case of retaliation, the plaintiff must show that: (1) she engaged in a protected activity; (2) the employer was aware of the protected activity; (3) the employer took adverse action; and (4) a causal connection exists between the protected activity and the adverse action. See Distasio v. Perkin Elmer Corp., 157 F.3d 55, 66 (2d Cir.1998). An employment action is “adverse” in the retaliation context if it is so “materially adverse” that it would “dissuade a reasonable worker from making or supporting a charge of discrimination.” Kessler v. Westchester County Dep’t of Soc. Svc., 461 F.3d 199, 209 (2d Cir.2006) (quoting Burlington N. and Santa Fe Ry. Co. v. White, 548 U.S. 53, 57, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006)). The plaintiff can establish the causal connection indirectly by showing that the protected activity was closely followed by discrimination, or directly by showing evidence of a discriminatory animus. See Cosgrove v. Sears, Roebuck & Co., 9 F.3d 1033, 1039 (2d Cir.1993) (citing Sumner v. United States Postal Serv., 899 F.2d 203, 209 (2d Cir.1990)).
Appellant claims that, at the time of her retirement, the Department of Housing was supposed to provide a lump-sum payment consisting of her accrued leave time, but the Department recalculated the amount of the lump sum in retaliation for her protected activities. This does *600 not raise an inference of discrimination because Butts failed to adduce sufficient evidence of a causal connection between the Comptroller’s low calculation and Butts’s prior complaints, which had been asserted more than a year earlier.
For the foregoing reasons, the district court properly granted summary judgment to Appellee with respect to Appellant’s Title VII and ADEA claims. We have reviewed appellant’s remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.

. We are aware of no opinion of this Court addressing whether the ADEA preempts age discrimination claims based on a violation of the Equal Protection Clause and brought under § 1983. We decline to address this issue here because Plaintiff's claim fails on other grounds.